[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Francis B. Conley, Jr. brings this action against the defendants, Stephen Andreas d/b/a Embassy Automotive and Florence A. Andreas alleging breach of contract and violation of the Connecticut Unfair Trade Practice Act. (CUTPA).
The plaintiff alleges in his complaint dated May 11, 2000 that on October 22, 1999, he entered into a contract with the defendants, whereby the defendant agreed to replace the engine in his 1988 Ford truck in return for payment by the plaintiff to the defendants in the amount of $2,705.12. The plaintiff also claims that the defendants promised that the work would be completed in not more than seven days.
In the first count of the complaint the plaintiff alleges that the defendants breached that contract in that the work was not completed in seven days as the truck was not returned to the plaintiff until March 2, 2000. The plaintiff claims damages for the cost of securing alternate transportation to replace his truck which he used in his contracting business. The plaintiff also claims damages as a result of not being able to use his truck in his snow plowing business.
In the second count of the complaint the plaintiff alleges that the defendants breached the above agreement in that they charged him $3,176.71 for the agreed upon work which is $417.59 above the contract price.
In the third count of the complaint, the plaintiff alleges a violation of CUTPA against the defendants on the basis of his claim that they refused to surrender his vehicle until he paid an amount in excess of the agreed upon contract price and withheld the vehicle for an extended period of time. The plaintiff claims punitive damages and attorney's fees in the third count. CT Page 9964
The defendant Stephen Andreas, d/b/a admits entering into an agreement with the plaintiff for the replacement of the engine in the plaintiff's truck. He further admits that the final charge to the plaintiff was $3,176.71 but claims that the $2,705.12 was an estimate and not an agreed upon final price. The defendant Stephen Andreas, d/b/a denies that the agreement between the parties was that the work would be completed in less than seven days. The defendants deny that any conduct on their part was in violation of CUTPA.
Florence Andreas further denies liability on the basis that she was doing business as Embassy Automotive but signed the Trade Name Certificate (Plaintiff's Exh. 4) since she was the secretary of C.A.M. Associates, Inc. which was doing business as Embassy Automotive.
The plaintiff; of course, has the burden of proof by a preponderance of the evidence as to the nature of the agreement between the parties. According to the testimony of the plaintiff the agreement was that Stephen Andreas would replace the engine in his truck within seven days for a contract price of $2,705.12. The defendant Stephen Andreas, on the other hand, testified that the price of $2,705.12 was an estimate. He further testified that he never agreed to complete the work within seven days since problems may arise concerning the availability of parts.
The testimony of the defendant appears to be corroborated by the document which was generated on October 22, 1999 which is referred to as an "estimate." (Plaintiff's Exh. 4). This document which was signed by the plaintiff on that date provides:
 "I voluntarily request that repairs be performed on my vehicle without an advance estimate of their cost. By signing this form, I hereby authorize reasonable and necessary costs to remedy the problems complained of up to a maximum of $2,712.54. The repair shop may not exceed this amount . . . my written and/or verbal consent"
The defendant Stephen Andreas also testified that there was a sign in his waiting room that a guarantee as to a completion time cannot be given due to parts. The testimony of the plaintiff and the defendant Stephen Andreas is at odds as to whether the plaintiff and the defendant spoke by telephone on November 3, 1999 at which time the plaintiff gave authorization to Stephen Andreas to order additional needed parts to complete the job at an additional cost of $419.90. Again, however, the final invoice (Plaintiff's Exh. 3) does appear to corroborate the testimony of Stephen Andreas that such a conversation took place. If in fact such additional parts were authorized by the plaintiff on November CT Page 9965 3, 1999, that fact would mitigate against an agreement that the complete job was to be completed in no less than seven days from October 22, 1999.
Apparently it is not unusual to discover that additional parts may be required in order to complete a job such as this as evidenced by the Complaint Against Motor Vehicle Sales or Service Business Firm document of the Department of Motor Vehicle. (Plaintiff's Exh. 2 Paragraph A9).
Based upon the testimony of the parties and the exhibits admitted into evidence, it is the opinion of the court that the plaintiff has not satisfied his burden of proof that he and Stephen Andreas entered into an agreement whereby Stephen Andreas would replace the engine in the plaintiff's truck, within seven days for the price of $2,712.54.
The plaintiff having failed to sustain his burden of proof as to the essential allegations in the complaint as to the terms of the contract between the parties, he cannot prevail in this action.
Judgment may therefore enter in favor of the both defendants and against the plaintiff; on all counts of the complaint.
Thompson, J.